MENÉNDEZ, PLAINTIFF AND APPELLANT, *v.* SUCCESSION OF MENÉNDEZ ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Arecibo in an action to annul contracts and proceedings.

No. 1043.—Decided March 30, 1914.

INHERITANCE—TESTAMENTARY HEIRS—HEIRS-AT-LAW—RECORD OF TITLE—THIRD PARTIES.—According to article 23 of the Mortgage Law, the recording of property acquired by inheritance by testamentary heirs affects third parties after the lapse of five years from the date of the record, but as to property acquired by heirs-at-law, the record is effective against third parties from the date thereof.

ID.—NATURAL CHILD—INSTITUTION OF HEIRS—ACTION FOR ANNULMENT—THIRD PARTIES.—When, as in the case at bar, a sister applies for and obtains a decree to the effect that she is the heir of a deceased brother and, by virtue of said decree, records the property of her brother in her own name in the registry, and a natural son of the said brother, in an action for acknowledgment, obtains a judgment declaring him to be such natural son, an action by the son for the annulment of the said record and of the sale made to third parties brought after the lapse of the five years prescribed by article 23 of the Mortgage Law will not be sustained.

THIRD PARTIES—RECORD OF TITLE.—The provision of article 33 of the Mortgage
Law that admission to record does not validate instruments or contracts
which are null under the law is subject to the exception in favor of third
parties prescribed by article 34 of the said Mortgage Law.

The facts are stated in the opinion.

*Mr. Juan Hernández López* for appellant.

*Mr. A. Malaret* for respondent José Soler Serra.

*Mr. Félix Santoni* for respondent José Julián Menéndez.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

On September 13, 1911, Bernardo Menéndez y Rivera filed
a complaint in the District Court for the Judicial District
of Arecibo against the Succession of Emilia Menéndez y
Goitía, José Soler Serra and Julián Menéndez, praying that
final judgment be rendered in due course after the proper
trial decreeing that the plaintiff, as the sole heir of Plácido
Menéndez y Goitía, is entitled to the ownership and posses-
sion of a certain rural property described in the complaint,
that the mortgage created on the said property in favor of
José Soler Serra by Emilia Menéndez y Goitía in a deed
executed on April 27, 1900, is null and void and that the
summary foreclosure proceeding prosecuted by the said So-
ler Serra against the said property to recover on the mort-
gage, including the sale of the property at public auction,
is also null and void, and ordering consequently that the pur-
chaser, Julián Menéndez, deliver the property to its law-
ful owner, the plaintiff, together with the mesne profits re-
ceived and to be received by him from the time he took pos-
session thereof, deducting the expenses shown to have been
incurred in the cultivation and administration of the said
property, with all the costs, including attorney's fees, against
the defendants.

From the allegations of the plaintiff and of defendants
José Soler Serra and Julián Menéndez, and from the state-
ment of the case, it appears that the District Court of Are-

cibo made the following findings of fact upon which it based its judgment:

(*a*) Plácido Menéndez Goitía was not married and died in Arecibo on November 6, 1892, without leaving a will.

(*b*) By a decree dated March 3, 1893, the Court of First Instance of the District of Arecibo declared Emilia Menéndez Goitía, the acknowledged natural sister of the deceased Plácido Menéndez Goitía, to be his sole intestate heir, and the said decree was recorded in the Registry of Property of Arecibo on July 17, 1893.

(*c*) By a public deed executed in Arecibo on April 27, 1900, in which her husband joined, Emilia Menéndez Goitía mortgaged the property which the plaintiff claims to José Soler Serra to secure the payment of $1,500 which Soler Serra had loaned her, and the said deed was recorded in the Registry of Property of Arecibo on the 30th day of the same month of April.

(*d*) By another public deed dated July 20, 1906, which was also recorded in the Registry of Property of Arecibo on August 3 following, José Soler Serra acquired the property in controversy in foreclosure proceedings prosecuted by him against the Succession of Emilia Menéndez for the recovery of the said mortgage credit.

(*e*) By another public deed executed on the 8th of the same month of August and recorded in the Registry of Property of Arecibo on the 6th of the following month of September, José Soler Serra sold the property in question to Julián Menéndez.

(*f*) On March 7, 1910, Bernardo Menéndez filed a complaint in the District Court of Arecibo against the Succession of Emilia Menéndez Goitía praying that he be decreed to be the acknowledged natural son and intestate heir of Plácido Menéndez and that the designation of Emilia Menéndez as the heiress of Plácido Menéndez be annulled. On May 10, 1910, the court rendered judgment in favor of Ber-

nardo Menéndez as prayed for, which judgment was recorded in the civil registry on October 5, 1911.

In view of the foregoing findings of fact and applying articles 23 and 34 of the Mortgage Law, the lower court rendered judgment on May 8, 1913, dismissing the complaint in all its parts, with the costs against the plaintiff, from which judgment his attorney appealed to this court.

As grounds for his appeal the appellant alleges the violation of sections 354, 356, 616, 664, *a, b, c* and *d,* 667, 669, 1228, 1242, 1360 and 1874 of the Civil Code and also of articles 33 and 34 of the Mortgage Law.

The sections of the Civil Code refer to ownership in general, the manner of acquiring it, successions, necessary requisites for the validity of contracts, contracts without consideration or for an unlawful consideration, capacity to make contracts of bargain and sale, and prescription of actions, but as in accordance with section 615 of the Civil Code, the legal questions raised in this action must be decided according to the provisions of the Mortgage Law and not under those of the Civil Code relied on by the appellant, we will dispense with an examination of the errors assigned and consider the case in the light of the provisions of the Mortgage Law applicable thereto.

These are articles 23 and 34 of the Mortgage Law upon which the court bases its judgment. Article 23, so far as pertinent, reads as follows:

"Article 23.—   *   *   *.

"The record of real property and propery rights acquired by inheritance or legacy shall not prejudice third persons if five years from the date thereof shall not have passed, excepting cases of testate or intestate inheritances, betterments and legacies, when left to heirs by force of law."

In other words, according to the article quoted, the record of property acquired by testamentary heirs (*herederos voluntarios*) will not prejudice third parties until after five years

have elapsed from the date of the record, which is not so in the case of heirs at law, for in such a case the record is governed by the general rule. According to Galindo and Escosura, the reason perhaps for this principle of law is that as the risk sought to be avoided is less in the case of heirs at law, it would not be so justifiable to subject the property to that condition as in the case of testamentary heirs.

According to the text of the law, it is unquestionable that after five years have elapsed since the date of the record of real property and property rights acquired by inheritance or legacy, counting from the date of the record made in favor of a testamentary heir, the said record does affect third parties.

In the words of Galindo and Escosura:

"After the inheritance is recorded and before the lapse of the five years, a person desiring to contract for the property constituting the inheritance will be careful to assure himself as to whether there may be another person with a better right than the one in whose name the property is recorded, and he will act as his prudence may dictate, because he knows that the soundness of his title depends upon whether or not there may appear a third party having a better right than the heir in whose name the property is recorded. After five years have elapsed there is no necessity for said inquiry and he need only satisfy himself that his grantor's title is recorded."

In deciding the case of *Figueroa* v. *The Registrar of Property* on April 16, 1912 (18 P. R. R., 255), this court laid down the doctrine that "article 23 of said Mortgage Law expressly prescribes the record of a realty acquired by inheritance in order to prejudice third persons within five years from the date it was entered, after which period of time those acquiring from an heir will be protected in their ownership and possession."

Now, Emilia Menéndez y Goitía, who was not an heir at law of her brother Plácido, recorded in her own name the ownership of the property in controversy under an intestate inheritance title on July 17, 1893, and during March, 1910,

the plaintiff, Bernardo Menéndez, secured a judgment from the District Court of Arecibo declaring him to be the acknowledged natural son and intestate heir of Plácido Menéndez and annulling the designation of Emilia Menéndez y Goitía as the heiress of Plácido Menéndez, made in March, 1893. The complaint on which this action is based was filed on September 13, 1911. Hence more than the five years prescribed by article 23 of the Mortgage Law had elapsed without Bernardo Menéndez Rivera's having set up any claim against the record of the inheritance title issued to Emilia Menéndez y Goitía by the Court of First Instance of Arecibo in its decree of March 3, 1893, and therefore he was subject to the consequences of the lapse of that period of time—that is, to the prejudice to his interests resulting from the record.

Whether the injury suffered by heirs having superior rights on account of a record made in favor of the heirs-apparent consists in the loss of their shares in the estate or is limited to the obligation of acknowledging the acts and contracts validly performed and executed by the latter during the legal life of the record, the mutual rights of the contesting heirs to be regulated in accordance with the provisions of the Civil Code, is a legal question which would have weight if the property whose ownership is claimed by the plaintiff had not been conveyed to third parties, but it is of no importance in the present controversy where there are third parties in interest. These are defendants José Soler Serra and Julián Menéndez, who are protected by article 34 of the Mortgage Law which provides that instruments or contracts executed or entered into by a person who, according to the registry, has a right to do so, shall not be invalidated with regard to third persons after they have been recorded, even though the interest of such party should subsequently be annulled or terminated by virtue of a prior deed which was not recorded or for reasons which do not clearly appear from said registry.

The mortgage created on the property in controversy by

Emilia Menéndez y Goitía in favor of Soler Serra, the sale of the property by her to him and the second sale by Soler Serra to Julián Menéndez, were contracts entered into in the year 1900 as to the first and in the year 1906 as to the other two, when five years had already elapsed since the date of the record of the said property in the registry in the name of Emilia Menéndez Goitía under title by inheritance, and there was nothing in the registry to show any cause for the annulment or dissolution of the said contracts. Moreover, it was not proved nor even alleged at the trial that Emilia Menéndez y Goitía, José Soler Serra and Julián Menéndez knew at the time said contracts were made that the plaintiff was the natural son of Plácido Menéndez y Goitía and that they conspired to defraud him of his rights. The contracts referred to cannot be invalidated nor can the plaintiff recover a property which might or might not have been recoverable had it not passed into the possession of third persons, but the recovery of which is now barred by the provisions of article 34 of the Mortgage Law herein cited.

Article 33 of the Mortgage Law which is relied on by the appellant in support of his appeal, provides that instruments or contracts which are null under the law are not validated by their admission to record, but the following article, to which we have already referred, makes an exception thereto in the case of third parties.

In corroboration of the doctrine herein laid down we cite the judgments of the Supreme Court of Spain of January 13 and July 3, 1906, and November 24, 1910, applying provisions of the Mortgage Law in force there which are similar to those of ours.

For the foregoing reasons the judgment appealed from should be affirmed.

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.